FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

11 FEB 16 PM 3:25

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

HARSH MEHTA

CASE NO. 8:11-Cr-72-T-24AEP
18 U.S.C. § 1349

Forfeiture 18 U.S.C. § 982(a)(7)

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

**A. Introduction**

At times material to this Indictment:

1. TRICARE was a federal health care benefit program administered by the Department of Defense which paid for medically necessary services and supplies, including pharmaceuticals, required in the diagnosis and treatment of illness and injury. TRICARE beneficiaries included members of the armed forces of the United States, their dependents and retirees.

2. Defendant HARSH MEHTA, Rajnish Mehta and Satender Singh owned and operated PR Group LLC, a pharmacy which did business under the name Pasco Pharmacy.

**B. The Conspiracy**

3. Beginning as early as in or about August 2006 and continuing through in or about March 2007, in the Middle District of Florida, and elsewhere,

HARSH MEHTA,

defendant herein, did knowingly and willfully combine, conspire, confederate and agree with Rajnish Mehta, Satender Singh and other individuals both known and unknown to the Grand Jury, to commit violations of Title 18, United States Code, Section 1347, that is, to knowingly execute a scheme and artifice to defraud a health care benefit program affecting commerce as defined by Title 18, United States Code, Section 24(b), that is, TRICARE, and to obtain by materially false and fraudulent pretenses, representations and promises, money and property owned by and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services.

C. Manner and Means

4. The manner and means utilized to accomplish the objects of the conspiracy included, among others, the following:

5. It was part of the conspiracy that Rajnish Mehta would and did, without authorization, obtain the names and other identifying information of TRICARE beneficiaries.

6. It was further a part of the conspiracy that the defendant, HARSH MEHTA, Rajnish Mehta and Satender SIngh, would and did submit false and fraudulent claims for reimbursement to TRICARE, for prescription drugs purportedly dispensed by PR Group LLC to the aforementioned beneficiaries, but which, in fact, were never dispensed.

7. It was further a part of the conspiracy that the defendant and his conspirators would and did fraudulently obtain more than $120,000 from TRICARE as a result of this scheme.

8. It was further a part of the conspiracy that the conspirators would and did conduct their activities in a manner calculated to conceal and cover-up the fraudulent nature of the scheme and to deceive TRICARE employees.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7).

2. From her engagement in the offense conduct charged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1349, the defendant,

HARSH MEHTA,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses. The property to be forfeited includes, but is not limited to, a forfeiture money judgment in the amount of proceeds the defendant received as a result of the scheme to defraud the TRICARE program as charged in Count One.

3. If any of the property described above, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

Kenneth C. Langlee

Foreperson

ROBERT E. O'NEILL
United States Attorney

By: ______________________
ROBERT A. MOSAKOWSKI
Assistant United States Attorney

By: ______________________ (for)
A. LEE BENTLEY III
Assistant United States Attorney
Chief, Criminal Division

FORM OBD-34
APR 1991

No. 8:11-Cr-

## UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

HARSH MEHTA

## INDICTMENT

Violations:

18 U.S.C. § 1349

A true bill,

Foreperson

Filed in open court this 16th day

of February, 2011.

_______________________________
Clerk

Bail $__________

GPO 863 525